**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SINFOROSO ELIAS GARCIA,<br><br>  Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>  Respondent. | No. 22-1676<br><br>Agency No.<br>A205-321-102<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2023**

Before:     S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Sinforoso Elias Garcia, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his applications for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

The record does not compel the conclusion that Elias Garcia established changed or extraordinary circumstances to excuse his untimely asylum application. *See Singh v. Holder*, 649 F.3d 1161, 1164-65 (9th Cir. 2011) (en banc) (court retained jurisdiction to review legal or constitutional questions related to the one-year filing deadline); 8 C.F.R. § 1208.4(a)(4)-(5) (changed and extraordinary circumstances). Thus, Elias Garcia's asylum claim fails.

We do not disturb the agency's determination that Elias Garia failed to establish he suffered harm that rises to the level of persecution. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) (applicant who alleges past persecution has burden of proving that the treatment rises to the level of persecution); *see also Flores Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022) (court need not resolve whether de novo or substantial evidence review applies, where result would be the same under either standard). Substantial evidence supports the agency's determination that Elias Garcia failed to show a clear probability of future persecution in Mexico. *See Tamang v. Holder*, 598 F.3d 1083, 1094-95 (9th Cir. 2010) (fear of future persecution was not objectively reasonable). Thus, Elias Garcia's withholding of removal claim fails.

22-1676

Substantial evidence also supports the agency's denial of CAT protection because Elias Garcia failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED.**